**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-911

TIN GIANT, LLC, A COLORADO LIMITED LIABILITY COMPANY and ROBERT WYATT, AN INDIVIDUAL,

Plaintiffs,

v.

ATARI VCS, LLC, f/k/a "ATARI GAMEBOX, LLC," A DELAWARE LIMITED LIABILITY COMPANY,

Defendant.

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

Now comes Plaintiffs, Tin Giant, LLC and Rob Wyatt, by and through their attorneys, LASZLOLAW, and for their Complaint and Jury Demand against the above-named Defendant, Atari VCS, LLC, state and allege as follows:

### PARTIES

1. Plaintiff Tin Giant, LLC, ("Tin Giant") is a Colorado limited liability company in good standing with its principal place of business in Boulder County, Colorado.

2. Plaintiff Robert Wyatt ("Wyatt") is, and at all times relevant hereto was, a resident of the state of Colorado.

3. Defendant, Atari VCS, LLC f/k/a "Atari Gamebox, LLC," (alternately "Defendant" or "Atari") is a Delaware limited liability company with its principal business address at 1209

Orange Street, Wilmington DE 19801 (Exhibit 1 at pdf pp. 2, 26, 32) and/or 286 Madison Avenue, New York, NY 10017 (Exhibit 1 at pdf p. 36; Exhibit 3, pp. 10-11)

4.      On information and belief, Atari VCS, LLC is a single member limited liability company, 100% owned by Atari SA[1] either directly or indirectly through the intermediary holding companies Atari US Holdings, Inc., a California corporation, or Atari Games, Corp., a Delaware Corporation. Exhibit 3, at p. 10-11.

5.      On information and belief, Atari, S.A. is a corporation organized and existing under French law with its principal place of business at 25 rue Godot de Mauroy, 75009 Paris, France, the stock of which is traded on the Euronext Paris stock exchange. Exhibit 3, p. 10-11.

6.      On information and belief, Atari U.S. Holdings, Inc.'s principal place of business is 286 Madison Avenue, New York, NY 10017. Exhibit 3, p. 10-11.

7.      On information and belief, Atari Games, Corp.'s principal place of business is 286 Madison Avenue, New York, NY 10017. Exhibit 3, p. 10-11.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs and because there is complete diversity of citizenship between each Plaintiff and Defendant, including all of Defendant's members.

---

[1] A French *Société Anonyme* (abbreviated "S.A.") is analogous to a "corporation" formed under the laws of the various States of the United States.

9. This Court has *in personam* jurisdiction over Defendant pursuant to Colorado's Long Arm Statute, Colo. Rev. Stat. 13-1-124. Defendant transacts business in Colorado. Further, Defendant committed the acts complained of herein, in significant part, through meetings, telephone calls, and e-mail exchanges with Plaintiffs while Plaintiffs were located in Colorado. Further, the Plaintiffs suffered injury in Colorado as a direct and proximate result of Defendant's breach of contract and defamation, as alleged herein.

10. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because that is where a substantial part of the events giving rise to the claims occurred. Plaintiffs reside in Colorado and suffered harm in Colorado that was directly and proximately caused by Defendant's breach of contract and defamation as alleged herein. Finally, while the contract between Tin Giant and Atari, which is a subject of this action, contains a venue clause (courts in New York County) such clause is unenforceable against Mr. Wyatt individually, and should not be enforced as to Tin Giant as enforcement of the clause would be unfair or unreasonable as Tin Giant is a single member limited liability company with limited resources and requiring it to litigate Defendant's failure to pay sums due under the agreement in New York state, a place to which the contract and parties have no connection, would be tantamount to eliminating Tin Giant's access to remedy for Defendant's breach. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

## BACKGROUND OF THE ACTION

11. Plaintiff, Tin Giant is a developer of video game operating software and technology.

12. Tin Giant, LLC is a single member limited liability company, and Rob Wyatt is the sole member of Tin Giant, LLC.

13. Rob Wyatt is a highly accomplished developer of video game operating software and was the lead architect of Microsoft's revolutionary XBOX gaming system.

14. The Atari Group describes itself as a "multi-platform, global interactive entertainment and licensing company" that "owns and/or manages a portfolio of more than 200 games and franchises."

15. For decades however, and into 2020, the Atari Group had little to no experience relevant to advanced hardware development; for example, the Atari Group had not developed or brought to market a gaming console for more than 20 years.

16. On June 26, 2018, Plaintiff Tin Giant and Atari entered into a certain Technology License Agreement (the "Agreement") whereby Tin Giant would license or assign to Atari certain technology developed by Tin Giant for purposes of a new gaming console being developed by Atari (the "Console Project" or "Project").  The Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

17. The parties' Agreement was subsequently amended by mutual agreement to, inter alia, address the scope of Tin Giant's Services, the deliverables, the term of the Agreement and the fees due Tin Giant.

18. Tin Giant thereafter performed its obligations under the Agreement, as amended, by providing the mutually agreed services in accordance with the parties' agreed scope of work; meeting the services deliverables milestones in accordance with parties' mutually agreed schedule; and within agreed term of the Agreement.

19. Tin Giant timely submitted Invoices Nos. 15, 16, 17, 18, 19, 20, 21, 22 for its services rendered pursuant to the parties' Agreement, as amended and, according to the terms of the Agreement, as amended, Tin Giant is currently owed $261,720.00 in fees for services preformed pursuant to the Agreement. Tin Giant's Invoices are attached hereto as Exhibit 2.

20. On or about October 2, 2019, Tin Giant demanded payment in full of all outstanding Invoices in the total amount of $261,720.00.

21. In response, Atari falsely claimed, *inter alia*, that Tin Giant had delayed the Console Project and had failed to timely complete its scope of services under the Agreement.

22. In fact, it was Atari's own mismanagement of the Console Project that was the cause of or reason for the delayed launce of the console Project and not because Tin Giant had failed to perform the Agreement.

23. Despite Tin Giant's repeated demands for payment of its outstanding Invoices, Atari has failed and refuses to pay the outstanding Tin Giant Invoices in the total amount of $261,720.00.

24. On or after October 2, 2019, Atari and its Chief Executive Officer (CEO) Frédéric Chesnais communicated and published to third persons false statements about Tin Giant and Rob Wyatt relating to the quality of their work on the Console Project.

25. On or after October 2, 2019, Atari, Chesnais and Atari employee Michael Arzt communicated and published to third persons statements about Tin Giant and Rob Wyatt including, that Tin Giant and Mr. Wyatt had made false statements to the public about the Console Project, Project delays and other developmental delays. These statements about Tin Giant and Mr. Wyatt were false and Atari, Chesnais and Arzt knew the statements were false.

26. On information and belief, Atari communicated and published statements to individuals blaming Plaintiffs for the Console Project delay. These statements were false. On information and belief, the architecture being used by Atari on the Console Project is exactly what Plaintiffs designed under the Agreement.

27. The fact that Atari's Console Project was or is delayed has nothing to do with the quality of Tin Giant's work but is the fault of Atari's own mismanagement of the Console Project.

28. Atari, through its actions and statements, has made Tin Giant and Mr. Wyatt its scapegoat for the delay of the Atari Console Project.

29. As a direct result of Atari's statements, business has been difficult for Tin Giant and Mr. Wyatt as Atari's conduct has caused the industry to constantly seek information from Tin Giant and Mr. Wyatt about Atari's Console Project delay, and forcing Plaintiffs to defend Atari's false statements that Plaintiffs' work on the Console Project caused the delay.

30. As a result of the above communications the media and gaming industry have inundated Plaintiffs with questions about Atari's false statements and requests for information - causing Plaintiffs to lose business and business opportunities, has caused Mr. Wyatt to suffer emotional distress, and has impaired Mr. Wyatt's ability to conduct the business of Tin Giant, or pursue new business opportunities individually.

## COUNT ONE
### Breach of Contract (Tin Giant vs. Atari)

31. Plaintiff realleges all previous allegations and incorporates them herein by reference.

32. Plaintiff Tin Giant entered into the Agreement with Atari whereby Tin Giant, in exchange for payment, would provide Atari with certain technology developed by Tin Giant for the development of Atari's new game console.

33. Atari breached the Agreement to pay Tin Giant.

34. Tin Giant has performed all of its conditions, covenants, and promises under the Agreement.

35. Atari's breaches have directly and proximately caused Tin Giant's damages in an amount to be proven at trial.

## COUNT TWO
### Unjust Enrichment, Pled in the Alternative (Tin Giant vs. Atari)

36. Plaintiff realleges all previous allegations and incorporates them herein by reference.

37. At Tin Giant's expense, Atari received a benefit in the form of Tin Giant's services and property without paying Tin Giant for those services and property as agreed.

38. Atari received the benefit under circumstances that would make it unjust for it to retain the benefit without performing as agreed by paying Tin Giant the amounts owed under the Agreement.

## COUNT THREE
### Defamation (Tin Giant, LLC and Robert Wyatt vs Atari)

39. Plaintiffs realleges all previous allegations and incorporates them herein by reference.

40. Atari published the above statements.

41. The statements were false at the time they were published.

42. At the time of publication, Atari knew that the statements were false, or Atari made the statements with reckless disregard as to whether they were false.

43. As a result of the defamation by Atari, Tin Giant and Mr. Wyatt suffered injuries and damages as more fully alleged above.

## JURY DEMAND

44. Plaintiffs demand a jury trial on all claims so triable.

## PRAYER

45. Plaintiffs request that the Court enter judgment in their favor and against Defendant, on all counts and that the Court award Plaintiffs: (i) actual damages; (ii) attorneys' fees; (iii) pre-judgment and post judgment interest as permitted by law; (iv) costs and (v) such other and further relief to which Plaintiff may be justly be entitled.

Dated: April 8, 2020.

LaszloLaw

s/ Michael J. Laszlo
Theodore E Laszlo, Jr. (#36234)
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303) 443-0758 (Fax)
Email: tlaszlo@laszlolaw.com
mlaszlo@laszlolaw.com

*Attorneys for Plaintiffs*

Address for Plaintiffs
c/o LaszloLaw
2595 Canyon Blvd. Suite 210
Boulder, CO 80302