**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00911

TIN GIANT, LLC, and ROBERT WYATT,

Plaintiffs,

v.

ATARI VCS, LLC,

Defendant.

---

**MOTION FOR LEAVE TO RESTRICT**

---

Now comes Plaintiffs, Tin Giant, LLC and Rob Wyatt, by and through their attorneys, LᴀꜱᴢʟᴏLᴀᴡ, and hereby submits this Motion for leave to restrict pursuant to D.C.COLO.LCivR 7.2, and in support, state:

1.  On April 2, 2020, Plaintiffs filed their Complaint. [Doc. # 1]. In connection with the Complaint, Plaintiffs filed their Exhibit 1 under Restriction Level 1 [Doc. # 2] due to a confidentiality clause in Exhibit 1, and the fact that Exhibit 1 contains information that Defendant may consider to be commercially sensitive and proprietary. Because Defendant has not yet been served, and has had no opportunity to be heard on this point, Plaintiffs filed Exhibit 1 under restriction. [Doc. # 2].

2.  On April 8, 2020, Plaintiffs filed their Amended Complaint. [Doc. # 10]. In connection with their Amended Complaint, Plaintiffs filed their Exhibit 1 under Restriction Level 1 [Doc. # 11] due to a confidentiality clause in Exhibit 1, and the fact that Exhibit 1 contains

information that Defendant may consider to be commercially sensitive and proprietary. Because Defendant has not yet been served, and has had no opportunity to be heard on this point, Plaintiffs filed Exhibit 1 under restriction. [Doc. # 11].

3. D.C.COLO.LCivR 7.2(c) states: A motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

4. Plaintiffs seek to restrict Exhibit 1 to the Complaint and Exhibit 1 to the Amended Complaint. [Doc. # 2, and Doc. # 11].

5. "[T]here is a presumption that documents essential to the judicial process are to be available to the public. However, this presumption may be overcome, and court filings or proceedings may be restricted, where the public's right of access is outweighed by interests which favor nondisclosure." *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10-CV-02868-MSK-KMT, 2013 WL 12246942, at *2 (D. Colo. Apr. 15, 2013) *citing*, *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

6.       "Courts have recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure." *L-3 Commc'ns Corp.*, 2013 WL 12246942, at *2; *citing*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing.")

7.       Here, and at this stage, Defendant's potential interest outweighs the presumption of public access as all of the information Plaintiffs seek to restrict contains information Defendant may consider confidential business information and trade secrets.

8.       Exhibit 1 contains agreements between the parties, which include a confidentiality provision. Further, Exhibit 1 contains information that Defendant may deem confidential, proprietary and commercially sensitive information belonging to Defendant that, if disclosed to competitors and the general public, would severely harm Defendant's competitive standing in the marketplace. If so, Defendant would have a significant interest in keeping the information restricted. Further, lifting the restriction could be seen by Defendant as a breach of the confidentiality agreement by Plaintiff, and that would lead to unnecessary litigation and damage to Plaintiffs, who are attempting, in good faith, to comply with the provisions of the agreement and to provide Defendant with an opportunity to be heard on this issue.

9.       At this stage of the litigation, no alternative to restriction is practicable or will adequately protect the potential interest of Defendant, as Defendant has not had an opportunity to be heard on its position with regard to the information in Exhibit 1. Defendant may take the position that the entire Exhibit should be restricted, or that only certain portions thereof should be restricted– Plaintiff cannot speculate on that point, but urges the Court to permit the Defendant to have an opportunity to be heard on this issue.

10. Plaintiffs anticipate that Defendant will be served with the Amended Complaint soon, but given the current circumstances involving COVID-19, Plaintiffs cannot be sure when personal service will be accomplished.

11. For the foregoing reasons, Plaintiffs request that access to Exhibit 1 [Doc. # 2 and Doc # 11] be limited to the parties and the court under Restriction Level 1.

Dated: April 16, 2020.

**LASZLOLAW**

s/ Michael J. Laszlo
Theodore E Laszlo, Jr., Esq.
Michael J. Laszlo, Esq.
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303)443-0758 (Fax)
Email: tlaszlo@laszlolaw.com
mlaszlo@laszlolaw.com

*Attorneys for Plaintiffs*
