IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00911-WJM-SKC

TIN GIANT, LLC, a Colorado Limited Liability Company, and
ROBERT WYATT, an Individual

      Plaintiffs,

v.

ATARI VCS, LLC, f/k/a "ATARI GAMEBOX LLC,"
a Delaware Limited Liability Company

      Defendant.

---

**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT
AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

---

      Defendant Atari VCS, LLC ("Atari") respectfully requests, pursuant to Fed. R. Civ. P. 55(c) and Fed R. Civ. P. 6(b)(1)(B), that this Court set aside the Clerk's Entry of Default (ECF No. 23) and extend Defendant's time to file a response to the Amended Complaint (ECF No. 10). Should the Court grant this relief, Defendant would move to dismiss in light of the litigants' contractual selection of a non-federal forum. Defendant is filing herewith as Exhibit A its contemplated 12(b) motion.

      Rule 6(b) allows a court to accept out-of-time filings when "excusable neglect" caused the delay.[1] The Supreme Court, interpreting a parallel provision in the

---

[1] The law regards the "good cause" threshold to set aside a default under Rule 55(c) as imposing "a lesser standard for the defaulting party than [] excusable neglect." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6

Bankruptcy Code, observed that the "excusable neglect" standard "plainly contemplate[s] that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When considering the excusable neglect standard, courts must take into account "all relevant circumstances," including but not limited to the four factors articulated by the Supreme Court in *Pioneer*: "(1) the danger of prejudice to [the nonmoving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within [the moving party's] control; and (4) whether [the moving party] acted in good faith." *Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 196 (10th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395).

Here, all four *Pioneer* factors tip in favor of granting the extension and allowing the case to proceed on the merits.

First, there is no danger of significant prejudice to Plaintiffs. In assessing the Plaintiffs' pending default motion, the Court is effectively going to apply a motion-to-

---

(10th Cir. 1997). Because, as detailed herein, Defendant meets the "excusable neglect" standard, it also satisfies "good cause" for Rule 55 purposes.

For completeness, note that the Tenth Circuit has articulated three "principal factors" involved in Rule 55 "good cause" analysis: " (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Brink v. Bank of Am., N.A.*, No. 19-CV-03041-RBJ, 2020 WL 2769761, at *4 (D. Colo. May 28, 2020) (quoting *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. 1995)).

2

dismiss-like standard anyway: "[U]pon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted" and "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *PlasmaCAM, Inc. v. Worden*, No. 18-CV-02075-PAB-KMT, 2020 WL 1062903, at *2 (D. Colo. Mar. 4, 2020) (citing Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010)).  Because the Plaintiffs' choice of venue is fatally defective, and because even in default Defendant does not concede the conclusion of law inherent in venue, Plaintiffs cannot "win" in this forum even in the context of a default.  All the requested relief would do would be to return to the Defendant the opportunity to brief the issue; it does not alter the result that the Court must reach on the question of venue, whether it be under Rule 12, Rule 55, or Rule 56.

Second, there is no meaningful impact on the timing of the case, relative to the timing that would have unfolded in the proper venue.  Had Plaintiffs brought the case in the mandatory, contractually-agreed-upon forum (New York State Supreme Court, New York County), the complaint could not have been filed until May 25, due to that forum's court-ordered Covid-19 response measures.  Chesnais Decl. ¶8.  If the complaint had been filed in New York Supreme Court, New York County on this earliest-possible date, Defendant's response would have been due at the earliest the week of June 13 (New York's rules of civil procedure – specifically CPLR 3102 – call for a response within 20 days of personal service or 30 days of service by other means),

3

by which time Defendant's counsel had engaged with Plaintiff's counsel, ultimately unsuccessfully, in negotiations to withdraw the present lawsuit and re-file in New York without need for the Court's intervention. Even in the narrower context of the instant lawsuit, the approximately eight-week delay in Defendant's response is, in the context of federal court litigation under normal circumstances, let alone in a time of pandemic, minimally burdensome.

Third, the reason for the delay is valid and understandable to all who have been living through these recent difficult circumstances in our society and the broader world. Under normal times, Atari's regular process for responding to lawsuits would have kicked in very soon after service and ensured retention of counsel and a timely response. These are not normal times. The Covid-19 pandemic disrupted Atari's process in ways understandable and fixable only in retrospect. *See* Chesnais Decl. ¶¶6-7, 9. Although Atari's registered agent forwarded an electronic copy of the Amended Complaint to Mr. Chesnais, he lacked access to Atari's offices and was consumed by other pressing matters – safeguarding his family and employees from the virus, and evaluating ways to protect the company during a time of no economic activity. *See* Chesnais Decl. ¶¶1, 7, 9-10.

At least one court has, in the context of a Rule 6 motion, considered Covid-19— "an international pandemic" that has effected "real life changes" in litigants' lives and routines—to be a factor auguring in favor of granting Rule 6 relief that might otherwise "under ordinary circumstances" not be available. *Cruz v. Reliance*

4

*Standard Life Ins. Co.*, No. 1:18-CV-00974-RB-SCY, 2020 WL 1929405, at *2 (D.N.M. Apr. 21, 2020); *see also Eastes v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00013-PHX-DWL, 2020 WL 2126489, at *1 (D. Ariz. May 5, 2020) ("[T]he pandemic has caused untold disruption and stress across the globe, and a calendaring error is particularly understandable under the circumstances."). So too, Defendant submits, should this Court allow Defendant here the relief of a deadline extension in light of Covid-19.

Fourth, Defendant has acted in good faith. Defendant's delay was the product of a mistake, pure and simple. From the current procedural posture of the case, with a clerk's entry of default on the books, the obvious logical inference is that the delay was not intentional. No "bad faith" reason, no subterfuge, no tactical scheme, can explain why Defendant would choose to put itself in such a disadvantageous position.

Further to this point, in addition to the four *Pioneer* factors, it is relevant to the balance of equities that the alternative to allowing Defendant's merits response is the "harsh sanction" of a default judgment. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). All else equal, the Tenth Circuit "favor[s] resolution of disputes on their merits," reserving default as an outcome typically "available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). As Defendants' proposed motion to dismiss makes clear, Defendant stands ready to engage on the merits.

\*   \*   \*

For the foregoing reasons, Defendant respectfully asks the Court to set aside the Clerk's Entry of Default, and to grant permission to file a response to the Amended Complaint, in the form of the Motion to Dismiss appended hereto.

Dated: July 3, 2020  
      New York, NY

Respectfully Submitted,

/s/ Denver Edwards  
Denver G. Edwards  
**BRADFORD EDWARDS & VARLACK LLP**  
150 West 51st Street, No. 1121  
New York, New York 10019  
Telephone: 201.306.1090  
E-mail: dedwards@bradfordedwards.com

*Attorney for Defendant*  
*Atari VCS, LLC*