IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00911-WJM-SKC

TIN GIANT, LLC, a Colorado Limited Liability Company, and
ROBERT WYATT, an Individual

      Plaintiffs,

v.

ATARI VCS, LLC, f/k/a "ATARI GAMEBOX LLC,"
a Delaware Limited Liability Company

      Defendant.

---

## DEFENDANT'S [PROPOSED] MOTION TO DISMISS

---

Defendant Atari VCS, LLC ("Atari") respectfully moves pursuant to Fed R. Civ. P. 12(b)(6) to dismiss the Amended Complaint (ECF No. 10) in light of the litigants' contractual selection of a non-federal forum.

Defendant is mindful of this Court's Practice Rule III.D.1. A venue defect by nature typically is not correctable by the filing of an amended pleading, and such is the case here. Nonetheless, and in the spirit of this Court's rule, Defendant's counsel conferred with Plaintiff's counsel prior to the filing of this motion. Despite the clear language of the forum selection clause in the contract at issue, and despite Defendant's offer to compromise and permit the case to be heard in a federal, rather than state, court within New York County, Plaintiffs' counsel made clear (after considering the offer for two weeks) that Plaintiffs were not amenable to the idea of

voluntarily withdrawing the present lawsuit and re-filing in New York. Consequently, the Court's intervention is required.

### A. Pertinent Law

Where, as here, "parties select in advance" a state court venue/forum "as the exclusive venue and/or forum for the resolution of future disputes, and one party timely seeks enforcement of that agreement, federal courts give effect to these provisions through a . . . dismissal without prejudice under the doctrine of *forum non conveniens*." *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020) (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013)).

In this context, the law accords great deference to a valid forum-selection clause. Whereas courts ordinarily assess *forum non conveniens* by weighing "both the convenience of the parties and various public-interest considerations," "[t]he calculus changes [] when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine*, 571 U.S. at 62-63 (internal quotation and citation omitted). Because "[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system," "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (internal quotations and citations omitted); *accord Elna Sefcovic*, 953 F.3d at 669 n.9.

Within the Tenth Circuit, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citing *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972)).  Thus, Courts in the Tenth Circuit will enforce a mandatory forum selection clause unless the party challenging it "clearly shows that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Niemi v. Lasshoffer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (citing *Bremen*, 407 U.S. at 15).  The law is similar in New York, (the laws of which are the agreed-upon state law governing the contract), which provides by statute that a "written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial."  NY CPLR § 501.

In circumstances such as those found here, a forum-selection-clause-based *forum non conveniens* defense may be asserted under Rule 12(b)(6).  For purposes of Rule 12(b)(6), a complaint's allegations include material "incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  "In most contract cases," as is the case here (see ¶16)[1], the parties' entire agreement is incorporated by reference into the complaint.  Brief for Stephen E. Sachs as Amicus Curiae ("Sachs Br."), *Atl. Marine*, 2013 WL 3362094, at 14 (quoting 5B Wright & Miller § 1357, at 376; id. at 186 (Supp. 2013)).  Courts may dismiss for failure to state a claim when the complaint's allegations alone "suffice to establish"

---

[1] Herein, references to ¶__ refer to the Amended Complaint's numbered paragraphs.

3

"a particular ground for opposing [the] claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing, among other cases, *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face."); accord *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018). Applying these principles, a defendant can obtain dismissal via Rule 12(b)(6) if, as here, he or she can invoke *forum non conveniens* based on nothing more than the incorporated-by-reference contract itself. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); Sachs Br., 2013 WL 3362094, at 14.[2]

### B. The Forum Selection Clause Should Be Enforced

The forum selection clause in the contract at issue – contained within section 10(f) – reads as follows:

> The Parties hereto agree that any dispute arising out of or relating to this Agreement **shall be instituted and prosecuted in the courts of competent jurisdiction of the State of New York located in New York County**, and the parties hereto irrevocably submit to the exclusive jurisdiction of said courts and waive any rights to object to or challenge the appropriateness of said forums. ECF No. 10.1 at 13 (emphasis added).

Here, as in *Milk 'n More*, the Court confronts a mutually-agreed-upon forum selection clause using mandatory language ("shall") to specify a particular county in which disputes arising out of the contract should be litigated. *Cf.* 963 F.2d at 1346.

---

[2] In *Atlantic Marine*, the Supreme Court took note of the above logic, but did not rule on it (the defendant in that case had neither moved under 12(b)(6) at trial nor briefed the issue on appeal). 571 U.S. at 61 (citing Sachs Br.). This issue remains an open question of law in the Tenth Circuit. If this Court prefers a different procedural path, Defendant will assert *forum non conveniens* in its answer and move simultaneously for summary judgment. Either way, as detailed below, the *forum non conveniens* analysis yields the same result – dismissal without prejudice.

4

This "prima facie valid" contractual provision "should be enforced," *id.*, in the absence of "extraordinary circumstances" or "exceptional factors" "unrelated to the convenience of the parties," *Atl. Marine*, 571 U.S. at 62. Because no such "extraordinary" or "exceptional" circumstance exists here, Defendant respectfully submits that this Court should dismiss on *forum non conveniens* grounds.

Plaintiff Tin Giant advances the following rationale for avoiding the contractually-agreed-upon forum: "Tin Giant is a single member limited liability company with limited resources and requiring it to litigate . . . in New York state . . . would be tantamount to eliminating Tin Giant's access to a remedy for Defendant's breach." ¶10. The Complaint cites *Milk 'n More* as supportive of the notion that venue is proper in this District despite the contract's mandatory language. ¶10 (citing 963 F.2d at 1346). This proposition does not stand up to scrutiny. In the face of a mutually-agreed-upon forum selection clause, the law precludes consideration of any self-interested basis (such as Tin Giant's "limited resources" concern) to disregard the contractually-agreed-upon forum: once a court has "determined [a] forum-selection clause applies, [it] will 'not consider arguments about the parties' private interests' and 'may consider arguments about public-interest factors only.'" *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1094 (10th Cir. 2019) (quoting *Atl. Marine*, 571 U.S. at 64).

For his part, Plaintiff Wyatt asserts that the forum selection clause is "unenforceable against [him] individually." ¶10. This is not true. "[C]ourts considering . . . whether a non-signatory may be bound by a forum selection clause

5

take a common sense, totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause[,] . . . plac[ing] emphasis on whether it should have been reasonably foreseeable to the non-signatory that situations might arise in which the non-signatory would become involved in the relevant contract dispute." *Presbyterian Healthcare Servs. v. Goldman, Sachs & Co.*, 122 F. Supp. 3d 1157, 1212 (D.N.M. 2015) (internal quotation and citation omitted). Here, given that Mr. Wyatt was Tin Giant's CEO during the relevant period, and that in that capacity he was – literally if not legally – a signatory of the agreement, any common-sense assessment of the circumstances tips toward his being bound by the contract's forum selection clause. See *Firefly Equities, LLC v. Ultimate Combustion Co.*, 736 F. Supp. 2d 797, 799-800 (S.D.N.Y. 2010) (concluding that individual who signed agreement in capacity as president of company was also bound in personal capacity by forum selection clause, and collecting cases).

### C. The Forum Selection Clause Applies To All Claims

The unjust enrichment claim (Count Two), pled in the alternative to the breach of contract claim and encompassing the same agreement and conduct, clearly "arises out of" the contract at issue. Therefore the forum selection clause should apply with just as much force to that claim. "Even without [] broadening language" in the forum selection "such as 'related to,' 'associated with,' or 'arising in connection to'" (language which exists here), claims are "inextricably linked" to a contract if those "claims arise directly from the agreement, depend on the existence of the agreement, require the court to interpret the agreement, and involve the same operative facts as a claim for

6

breach of the agreement." *Kelvion*, 918 F.3d at 1093. In such situations, a plaintiff's "claims are not merely collateral" to the contract and the forum selection clause should apply. *Id.*; *accord, e.g., Lambert v. Kysar,* 983 F.2d 1110, 1121-22 (1st Cir. 1993) (enforcing forum selection clauses in contract-related tort actions involving the same operative facts as parallel breach of contract claim).

The defamation claim (Count Three) is subject to the forum selection clause for the same reason: because it "relates to" the contract at issue. The allegedly-defamatory statements relate exclusively to the Plaintiffs' performance or nonperformance of the contract's terms. *See* ¶¶24-26. Because any assessment of falsity will as a consequence "require the court to interpret the agreement," the defamation claims are, per *Kelvion*, "inextricably linked" to the contract and its forum selection provision should apply with equal force to those claims. 918 F.3d at 1093.

Even if, arguendo, the defamation claim could be disentangled from the contract and pursued outside of New York County, this Court would be obliged to dismiss it for lack of subject matter jurisdiction. This is because the complaint does not plead damages attributable to the alleged defamation that alone would satisfy Section 1332's amount-in-controversy requirement. The complaint alleges only that the supposed defamation has led to a situation wherein "business has been difficult," "Plaintiffs [lost] business and business opportunities," "Mr. Wyatt [] suffer[ed] emotional distress," and he was "impaired" in his "ability to conduct the business of Tin Giant, or pursue new business opportunities individually," (¶¶29-30, 43). This vague litany does not suffice for purposes of the amount-in-controversy requirement.

7

*See, e.g., Phillips v. Lincare Inc.*, No. 13-CV-01746-LTB-BNB, 2013 WL 6689361, at *3 (D. Colo. Dec. 19, 2013) (concluding that "the amount-in-controversy cannot be determined solely based on the claims and relief sought in the complaint," since "[t]he exact nature and extent of the injuries received, as well as the magnitude of the non-economic damages, are vague and clearly insufficient to make a reasonable estimate of the potential damage at issue in the course of this case"). Thus, to the extent the Court is inclined to rule that the forum selection clause does not reach the defamation claim, Defendant respectfully moves in the alternative to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

*   *   *

For the foregoing reasons, Defendant respectfully submits that this Court must dismiss the Complaint, without prejudice.

Dated: July 3, 2020　　　　　　　　　　　Respectfully Submitted,
　　　　　New York, NY

　　　　　　　　　　　　　　　　　　　　/s/ Denver G. Edwards
　　　　　　　　　　　　　　　　　　　　Denver G. Edwards
　　　　　　　　　　　　　　　　　　　　Bradford Edwards & Varlack LLP
　　　　　　　　　　　　　　　　　　　　150 West 51st Street, No. 1121
　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　Telephone: 201.306.1090
　　　　　　　　　　　　　　　　　　　　E-mail: dedwards@bradfordedwards.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　　　*Atari VCS, LLC*