IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00911-SKC

TIN GIANT, LLC and
ROBERT WYATT

       Plaintiffs,

v.

ATARI VCS, LLC.

       Defendant.

## ORDER RE: MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [#25]

This Order addresses Defendant Atari VCS, LLC's, Motion to Set Aside Clerk's Entry of Default (the "Motion") [#25.][1] The Court has reviewed the Motion and related briefing.[2] No hearing is necessary. For the reasons stated herein, the Court GRANTS the Motion.

### A.    PROCEDURAL HISTORY

Plaintiffs filed their Amended Complaint ("AC") on April 8, 2020 [#1.] They served the summons and complaint on April 22, 2020, which made Defendant's answer or other response due by May 13, 2020 [#22, p.1.] Defendant failed to timely

---

[1] The Court uses [#__] to refer to entries in the CM/ECF Court filing system.
[2] Defendant did not file a Reply.

1

answer or otherwise respond to the AC, and Plaintiffs filed their Motion for Entry of Default on May 22, 2020. [*Id.*][3] The Clerk entered default the same day. [#23.] No default judgment has entered.

Defendant filed the Motion on July 23, 2020, seeking to set aside the entry of default arguing excusable neglect.[4] [#25, p.1.] Defendant argues the COVID-19 pandemic hindered its ability to timely respond to the AC [#25-2, p.2.] In support of its Motion, Defendant provided an affidavit from its Chief Executive Officer, Frederic Chesnais, who is responsible for overseeing all legal actions against Defendant [*Id.* p.1.] In his affidavit, Chesnais confirmed: (1) Plaintiff served the AC via Defendant's registered agent in Delaware; (2) the agent forwarded the AC to the person of record in its database; and (3) it was then forwarded to Chesnais.

Notably, Defendant does not argue service was improper. [*Id.*]. Instead, it explains it did not timely address the complaint because New York state courts halted non-essential proceedings due to the pandemic. [*Id.*] Defendant claims it relied on the administrative order issued by the state's chief administrative judge because, according to Defendant, the applicable contract in this case provides for venue in New York state court. [*Id.*]

### B.   DISCUSSION

---

[3] Plaintiffs filed their original Motion for Entry of Default on May 19, 2020, which was denied because they failed to provide an affidavit or declaration as required by Fed. R. Civ. P. 55(a).

[4] Defendant claims its arguments meet the "excusable neglect" standard, thereby satisfying the "good cause" standard required under Fed. R. Civ. P. 55. [#25, p.1 n.1.]

2

Rule 55(c) requires a showing of good cause to set aside an entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (citing Fed. R. Civ. P. 55(c)). The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *Id.* (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)). These factors are not "talismanic," and the court may consider other factors. *Id.* at 184. And the court need not consider all the factors. *Id.*

If the default was the result of the defendant's culpable conduct, the court may refuse to set aside the default on that basis alone. *Id.* (quoted authority omitted). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *Id. See also Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987), *cert. denied,* 484 U.S. 976 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct).

The Court finds Defendant's conduct culpable. Defendant made the affirmative decision not to respond to the AC based on its tortured explanation that it believed venue was improper in this Court. Implicit in this explanation is Defendant's concession it understood a federal lawsuit was filed against it and service of the summons and complaint was proper (Defendant does not argue otherwise). But Defendant chose to ignore the lawsuit instead of answering or otherwise responding

3

to it in a timely fashion to raise its arguments of improper venue in this forum. Defendant's belief that venue was improper did nothing to alleviate it of its obligation to answer or otherwise respond to the AC.

The Court's frustration with Defendant's behavior aside, "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963)). Also, considering this case is in the early stages of litigation, Plaintiffs will not be unduly prejudiced in posturing this case for a resolution on its merits. *See* Wright & Miller §2699 Fed. Prac. & Proc. Civ. § 2699 (4th ed.) (quoting *Jackson v. Delaware County*, 211 F.R.D. 282, 283 (E.D. Pa. 2002)) ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice.").

In their Response, Plaintiffs argue they will be prejudiced by the delay in resolving their claims. But delay alone is insufficient to set aside the entry of default. *Pharmatech Oncology, Inc. v. Tamir Biotechnology, Inc.*, NO. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *10 (D. Colo. Oct. 3, 2011). The resulting prejudice from the entry of default must be more concrete way. *Id.* (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiff has argued nothing concrete outside of delay.

Accordingly, the Court finds good cause to GRANT the Motion. The entry of default is hereby set aside. Defendant is ORDERED to answer or otherwise respond to the AC no later than May 14, 2021.

5

DATED: May 4, 2021.

BY THE COURT:

S. Kato Crews
U. S. Magistrate Judge

5