IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00911-WJM-SKC

TIN GIANT, LLC, a Colorado Limited Liability Company, and
ROBERT WYATT, an Individual

    Plaintiffs,

        v.

ATARI VCS, LLC, f/k/a "ATARI GAMEBOX LLC,"
a Delaware Limited Liability Company

    Defendant.

---

**ATARI VCS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER THE AMENDED COMPLAINT TO THE FEDERAL DISTRICT IN NEW YORK COUNTY PURSUANT TO 28 U.S.C. § 1404 OR DISMISS THE AMENDED COMPLAINT FOR *FORUM NON-CONVENIENS***

---

Defendant Atari VCS, LLC ("Atari") respectfully moves to transfer venue to the federal court in Southern District of New York pursuant to 28 U.S.C. § 1404(a) or, alternatively, to dismiss the Amended Complaint, without prejudice, to allow Plaintiffs to re-file their complaint in New York State Supreme Court. Either option is available in light of the Parties selection of New York County as the forum to resolve disputes arising under a Technology License Agreement executed by the Parties.

1

Defendant is mindful of this Court's Practice Rule III.D.1. A venue defect is not typically corrected by filing an amended pleading, and such is the case here. Nonetheless, and in the spirit of adhering to this Court's rule, Defendant's counsel conferred with Plaintiffs' counsel before filing this motion to secure an agreement regarding the proper venue to resolve this dispute. Despite the admittedly clear language of the forum selection clause, and despite Defendant's offer to compromise and permit the case to be heard in federal, rather than state court in New York County, Plaintiffs refused to withdraw the Amended Complaint and re-file it in New York. Consequently, Plaintiffs' conduct necessitated the Court's intervention.

## I. The Technology License Agreement Identified New York County as the Forum to Resolve Disputes

On or about April 8, 2020, Plaintiffs filed an Amended Complaint in this Court alleging breach of contract, unjust enrichment, and defamation. The Amended Complaint arises from unpaid invoices that Plaintiff submitted to Atari for work performed in connection with a certain Technology License Agreement ("Agreement"). In Paragraph 10 of the Amended Complaint, Plaintiff acknowledges that the Agreement contains a forum selection clause naming courts in New York County as the place to resolve disputes. Now, Plaintiff Wyatt, the CEO of Tin Giant LLC, contends that "enforcement of the clause would be *unfair* and *unreasonable* as Tin Giant is a single member limited liability company with *limited resources* and requiring it to litigate Defendant's failure to pay sums due under the agreement in New York state, a place to which the contract and parties have no connection, would be tantamount to eliminating Tin Giant's access to remedy for Defendant's

2

breach." ECF No. 010, at ¶10. Additionally, Plaintiff Wyatt contends that the forum selection clause is unenforceable against him in his individual capacity.

The forum selection clause is unmistakably clear that disputes must be resolved courts of competent jurisdiction in New York County. There are two courts of competent jurisdiction in New York County: the federal district court for the Southern District of New York and the New York Supreme Court, the state trial court. The forum selection clause does not specify whether the parties must litigate disputes in federal district court or in state court.

## II. The Weight of Authority Favors Granting Atari's Motion to Litigate the Dispute in New York County

The sole issue is whether this Court disposes of the Amended Complaint by transferring the litigation to the district court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a) or, alternatively, dismisses the case, without prejudice, on *forum non conveniens* ground. In either case, New York County is the forum to resolve the underlying dispute.

### A. Standard to Transfer to Another Federal Judicial District

Plaintiffs have the exclusive right to select venue at the outset of a litigation so long as the requirements of 28 U.S.C. § 1391 are met. However, a forum selection clause may change the calculus and provide a defendant an opportunity to change venue from the initial federal forum to another federal forum using 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

> where it might have been brought ***or to any district or division to which all parties have consented.***

*See* 28 U.S.C. § 1404(a) (emphasis added).

The United States Supreme Court has unanimously concluded that a valid forum selection clause that points to a federal district should be "given controlling weight in all but the most exceptional cases," and "plaintiff's choice of forum merits no weight." S*ee Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 59 and 63 (2013). The Supreme Court offered three considerations to guide the analysis. <u>One</u>, the party defying the forum selection clause bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id.* at 63-64. <u>Two</u>, a court evaluating a defendant's section 1404(a) motion to transfer based on a forum selection clause should not consider arguments about the parties' private interests. *Id.* The Justices forcefully stated that "[w]hen parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses or for their pursuit of the litigation. *Id.* <u>Three</u>, when a party bound by a forum selection clause refuses to abide by its contractual obligation and commences litigation in a different forum, a section 1404(a) transfer motion does not require the reviewing court to abide by the original venue's choice-of-law rules. *Id.* at 64.

The Tenth Circuit adheres to the similar view of forum selection clauses. In the Tenth Circuit, forum selection clauses "are prima facie valid and are be enforced unless enforcement is shown by the resisting party to be unreasonable under the

circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citing *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972)). Courts in this circuit will enforce a mandatory forum selection clause unless the party challenging it "clearly shows that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Niemi v. Lasshoffer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972)).

### B. Transferring This Proceeding to the Southern District of New York is Consistent with Supreme Court and Tenth Circuit

The facts overwhelmingly favor Atari's motion to transfer the litigation to the Southern District of New York. Section 10(f) of the Agreement states:

> **Governing Law**. This Agreement shall be construed in accordance with the laws of the United States and the State of New York applicable to agreements executed and wholly performed therein. The Parties hereto agree that **any dispute** arising out of or relating to this Agreement **shall be** instituted and **prosecuted in the courts of competent jurisdiction of the State of New York located in New York County**, and the parties hereto irrevocably submit to the exclusive jurisdiction of said courts and waive any rights to object to or challenge the appropriateness of said forums. The Parties hereby agree to accept service of process pursuant to the notice provisions hereunder and waive any and all objections to venue, jurisdiction or service of process.

*See* ECF No. 010-1, at 13 (emphasis added). The clause clearly references courts of competition jurisdiction of the State of New York located in New York County as the forum to resolve disputes. This may include the District Court for the Southern District of New York, a prominent federal trial court, or the State Supreme Court

5

located in New York County, including the Commercial Division which handles sophisticated business disputes.

The Parties negotiated the Agreement at arms-length and consciously included the forum selection clause in the Agreement. Presumably, the forum selection clause was "bargained for" and was a critical term of the underlying transaction. To convey the seriousness of the forum selection clause, the Parties used mandatory language ("shall") to specify the particular county in which disputes arising out of the contract must be litigated. *Cf. Milk 'n More*, 963 F.2d 1342, 1346 (10th Cir. 1992). This "prima facie valid" contractual provision "should be enforced," *Id.*, in the absence of "extraordinary circumstances" or "exceptional factors" that are "unrelated to the convenience of the parties," *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. at 62.

Plaintiff Tin Giant advances the following rationale for avoiding the contractually-agreed-upon forum: "Tin Giant is a single member limited liability company with limited resources and requiring it to litigate . . . in New York state . . . would be tantamount to eliminating Tin Giant's access to a remedy for Defendant's breach." ¶10. The Complaint cites *Milk 'n More* as supportive of the notion that venue is proper in this District despite the contract's mandatory language. ¶10 (citing 963 F.2d at 1346). This proposition does not stand up to scrutiny. In the face of a mutually-agreed-upon forum selection clause, the law precludes consideration of any self-interested basis (such as Tin Giant's "limited resources" concern) to disregard the contractually-agreed-upon forum. Once a court has "determined [a] forum-

6

selection clause applies, [it] will 'not consider arguments about the parties' private interests' and 'may consider arguments about public-interest factors only.'" *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1094 (10th Cir. 2019) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. at 64).

Neither Tin Giant's size, the availability of its potential witnesses, its purported limited resources, nor its (lack of) connection to New York constitute exceptional factors or extraordinary circumstances that necessitate allowing venue to remain in Colorado rather than giving deference to Tin Giant's original choice. Defendant respectfully submits that this Court should honor the forum selection clause and transfer this litigation to the district court for the Southern District of New York.

For his part, Plaintiff Wyatt asserts that the forum selection clause is "unenforceable against [him] individually." ¶10. This is not true. "[C]ourts considering . . . whether a non-signatory may be bound by a forum selection clause take a common sense, totality of the circumstances approach that essentially whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause[,] . . . plac[ing] emphasis on whether it should have been reasonably foreseeable to the non-signatory that situations might arise in which the non-signatory would become involved in the relevant contract dispute." *Presbyterian Healthcare Servs. v. Goldman, Sachs & Co.*, 122 F. Supp. 3d 1157, 1212 (D.N.M. 2015) (internal quotation and citation omitted). Here, given that Mr. Wyatt was Tin Giant's

CEO during the relevant period, and that in that capacity he was – literally if not legally – a signatory of the agreement, any common-sense assessment of the circumstances tips toward his being bound by the contract's forum selection clause. *See Firefly Equities, LLC v. Ultimate Combustion Co.*, 736 F. Supp. 2d 797, 799-800 (S.D.N.Y. 2010) (concluding that individual who signed agreement in capacity as president of company was also bound in personal capacity by forum selection clause).

### C. The Forum Selection Clause Applies To All Claims

The unjust enrichment claim (Count Two), pled in the alternative to the breach of contract claim and encompassing the same agreement and conduct, clearly "arises out of" the contract at issue. Therefore, the forum selection clause should apply with equal force to that claim. "Even without [] broadening language" in the forum selection clause – "such as 'related to,' 'associated with,' or 'arising in connection to,'" as is the case in the forum selection clause here (which uses the phrase "arising out of or relating to") – claims are "inextricably linked" to a contract if those "claims arise directly from the agreement, depend on the existence of the agreement, require the court to interpret the agreement, and involve the same operative facts as a claim for breach of the agreement." In such situations, a plaintiff's "claims are not merely collateral" to the contract and the forum selection clause should apply. *Kelvion*, 918 F.3d at 1093; *accord, e.g.*, *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir. 1993) (enforcing forum selection clauses in contract-related tort actions involving the same operative facts as a parallel claim for breach of contract).

8

The defamation claim (Count Three) is subject to the forum selection clause for the same reason: because it "relates to" the contract at issue. The allegedly-defamatory statements relate exclusively to the Defendant's performance or nonperformance of the contract's terms. *See* ¶¶24-26. Because any assessment of the falsity element will "require the court to interpret the agreement," the defamation claims are, per *Kelvion*, "inextricably linked" to the contract and its forum selection provision should apply with equal force to those claims. *Kelvion*, 918 F.3d at 1093.

Even if, arguendo, the defamation claim could be disentangled from the contract and pursued outside of New York County, this Court would be obliged to dismiss it for lack of subject matter jurisdiction. The Amended Complaint does not plead damages attributable to the alleged defamation that alone would satisfy Section 1332's amount-in-controversy requirement. The Amended Complaint alleges only that the supposed defamation has led to a situation wherein "business has been difficult," "Plaintiffs [lost] business and business opportunities," "Mr. Wyatt [] suffer[ed] emotional distress," and he was "impaired" in his "ability to conduct the business of Tin Giant, or pursue new business opportunities individually," (¶¶29-30, 43). This vague litany does not suffice for purposes of the amount-in-controversy requirement. *See*, *e.g.*, *Phillips v. Lincare Inc.*, No. 13-CV-01746-LTB-BNB, 2013 WL 6689361, at *3 (D. Colo. Dec. 19, 2013) (concluding that "the amount-in-controversy cannot be determined solely based on the claims and relief sought in the complaint," since "[t]he exact nature and extent of the injuries received, as well as the magnitude of the non-economic damages, are vague and clearly insufficient to make a reasonable

9

estimate of the potential damage at issue in the course of this case."). Thus, to the extent the Court is inclined to rule that the forum selection clause does not reach the defamation claim, Atari respectfully moves in the alternative to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III. The Court Must Dismiss the Amended Complaint on *Forum Non-Conveniens* Grounds

Under normal circumstances where no forum selection clause existed, Plaintiffs' selection of venue in this district would be appropriate since, according to Plaintiffs, a significant portion of the conduct occurred in Colorado (i.e., Defendants had minimum contacts with Colorado and a significant amount of the work was performed in Colorado). *See* 28 U.S.C. § 1391(b)(2). If venue were challenged on *forum non-conveniens* grounds, courts consider four factors in deciding a motion to dismiss based on forum non conveniens: (1) the availability of an adequate alternative forum where defendants are amenable to process and plaintiff's claims are cognizable; (2) the amount of deference to be afforded to plaintiff's choice of forum; (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum. *Kisano Trade & Invest. Ltd. v. Lemster*, 737 F. 3d 869, 873 (3d Cir. 2013).[1] No single factor is dispositive.

---

[1] Private interests include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility to inspect the subject of the dispute, if appropriate to the action; (4) and other practical problems that make trial easy, expeditious and inexpensive. Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided [locally], and the interest in having the trial of a diversity case in a forum that is at home with the law." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

Inclusion of a forum selection clause, as here, upends that analysis and courts give effect to the forum that the parties select. In this case, the forum selection clause does not specify a preference for state court or federal court. However, the Parties agreed that courts of competent jurisdiction in New York County **shall** be the forum to resolve disputes in this matter. In <u>Section II</u>, above, Defendant proposed transferring the case to the Southern District of New York.

Defendant recognizes, however, that this Court may conclude that courts of original jurisdiction only include state courts. In that event, Defendant moves this Court to dismiss the Amended Complaint because an alternate forum is available – the New York State Supreme Court. Defendant is amenable to process in New York County and, in fact, bargained for the right to resolve the dispute in New York. The Plaintiffs "irrevocably submit[ed] to the exclusive jurisdiction of [courts of original jurisdiction in New York County] and waive[d] any rights to object to or challenge the appropriateness of said [fora]." *See* Agreement, Section 10(f). Colorado courts routinely give deference to the Parties' election of the forum in a contract over the forum that plaintiff belatedly chooses to file a complaint. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citing *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972))(forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."). Once the first two factors are satisfied, the Court no longer needs to balance the private or public interest considerations because the "bargain-for" is valid and enforceable. Because Plaintiffs can re-file in New York

11

Supreme Court, a forum which the Parties bargain for, and which has personal and subject matter jurisdiction over each of them, Defendant requests that this Court dismiss the Amended Complaint on *forum non-conveniens* grounds.

For the foregoing reasons, Defendant respectfully submits that this Court must transfer the Amended Complaint to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a), or alternatively, dismiss the Amended Complaint without prejudice in light of *forum non-conveniens* to enable Plaintiffs refile their complaint in New York State Supreme Court.

Dated: May 14, 2021
      New York, NY

Respectfully Submitted,

/s/ Denver Edwards

Denver G. Edwards
**BRADFORD EDWARDS & VARLACK LLP**
12 East 49th Street, 11th Floor
New York, New York 10017
Telephone: 201.306.1090
E-mail: dedwards@bradfordedwards.com

*Attorney for Defendant Atari VCS, LLC*