IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00911-SKC

TIN GIANT, LLC and
ROBERT WYATT

    Plaintiffs,

v.

ATARI VCS, LLC.

    Defendant.

**ORDER RE: DEFENDANT'S MOTION TO TRANSFER OR DISMISS
[DKT. 38]**

  This Order addresses Defendant Atari VCS, LLC's, Motion to Transfer or, in the alternative, Motion to Dismiss ("Motion"). [Dkt. 38.] The Court has reviewed the Motion and related briefing. No hearing is necessary. For the reasons stated herein, the Court GRANT the Motion.

### BACKGROUND

  This case arises out the demise of a business relationship between Plaintiffs and Defendant. Plaintiffs Tin Giant, LLC, and its sole member Robert Wyatt (collectively, "Plaintiffs"), allege they entered into a Technology License Agreement ("Agreement") where they agreed to license or assign to Defendant certain technology

1

developed by them for use in a new gaming console being developed by Defendant ("Project"). The Agreement included a forum-selection clause that reads:

> (f) <u>Governing Law</u>.  This Agreement shall be construed in accordance with the laws of the United States and the State of New York applicable to agreements executed and wholly performed therein.  The Parties hereto agree that any dispute arising out of or relating to this Agreement shall be instituted and prosecuted in the courts of competent jurisdiction of the State of New York located in New York County, and the parties hereto irrevocably submit to the exclusive jurisdiction of said courts and waive any rights to object to or challenge the appropriateness of said forums.  The Parties hereby agree to accept service of process pursuant to the notice provisions hereunder and waive any and all objections to venue, jurisdiction or service of process.

[Dkt. 11.][1]

As sometimes happens, a dispute arose. Specifically, Tin Giant alleges that while it performed its obligations under the Agreement, Defendant withheld payment of certain invoices totaling $261,720. [Dkt. 10, ¶¶18-19.] When Tin Giant demanded payment for these unpaid invoices Defendant "falsely claimed" Tin Giant had delayed the Project and failed to timely complete the scope of its services under the Agreement. [*Id.* at ¶¶20-23.]

Plaintiffs filed their Amended Complaint on April 8, 2020, asserting claims for breach of contract, unjust enrichment, and defamation.[2] Plaintiffs seek: (i) actual

---

[1] Plaintiff filed this under Level 1 Restriction on the basis of potential harm to Defendant, which this Court granted. [Dkts. 16, 35.]  The Court is comfortable quoting from it here given Defendant's *verbatim* presentation of the language in its Motion. [Dkt. 38-1, p.5.] The Court is precluded from citing to Defendant's Motion because it is to a non-existent page "ECF No. 010-1, at 13." Docket 10-1 is only one-page long.

[2] Tin Giant brings the breach of contract and unjust enrichment claims; both Plaintiffs assert the Defamation claim. [*See generally*, Dkt. 10.]

2

damages; (ii) attorneys' fees; (iii) pre-judgment and post judgment interest as permitted by law; (iv) costs and (v) other and relief to which they may be entitled. [*Id.* at ¶45.]

Citing to the forum-selection clause, Defendant seeks an order transferring venue to the United States District Court for the Southern District of New York, or in the alternative, an order dismissing the Amended Complaint, without prejudice, to allow Plaintiffs to refile in New York state court. [*See generally*, Dkt. 38-1.]

Plaintiffs acknowledge the Agreement "contains a venue clause" but argue the "clause is unenforceable against Mr. Wyatt individually, and should not be enforced as to Tin Giant as enforcement of the clause would be unfair or unreasonable as Tin Giant is a single member limited liability company with limited resources and requiring it to litigate Defendant's failure to pay sums due under the agreement in New York state, a place to which the contract and parties have no connection, would be tantamount to eliminating Tin Giant's access to remedy for Defendant's breach." [Dkt. 10, ¶10.]

## LEGAL PRINCIPLES

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ordinarily, the party bringing a motion for transfer under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d

3

1509, 1515 (10th Cir. 1991). The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. v. Ricoh Cor.*, 487 U.S. 22, 31 (1988). In such instances, the motion to transfer should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).

In the presence of a valid forum-selection clause, a "plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63. In addition, the Court may not consider the parties' private interest, but rather, must consider only public interests. *Id.* at 64. "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

## ANALYSIS

The parties do not dispute the existence of the forum-selection clause contained within Section 10(f) of the Agreement. [Dkt. 39, ¶3.] Nor do they dispute that in the Tenth Circuit, a "valid forum-selection clause should be given controlling weight in all but the most exceptional cases." [*Id.* at ¶6 (citing *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019).] Given this mutual understanding, it is mystifying why the parties were unable to stipulate to the proper forum.

Plaintiffs assert three reasons for remaining under this Court's jurisdiction despite the forum-selection clause ("Section 10(f)"). First, Plaintiffs argue a "plain reading" of Section

4

10(f) requires disputes be brought in New York state courts and not federal courts. [*Id.* at ¶4.] Second, Wyatt argues that because he was not a signatory to the Agreement, he is not bound by Section 10(f). [*Id.* at ¶3.] Third, Plaintiffs argue against transfer because their defamation claims did not "arise from the Agreement." [*Id.* ¶14.]

    1.    <u>The Proper Forum</u>

The Court agrees with Plaintiffs that a plain reading of the forum-selection clause indicates that the agreed-upon venue resides in New York state courts and not federal courts. The relevant part of the forum-selection clause reads:

> The Parties hereto agree that any dispute arising out of or relating to this Agreement shall be instituted and prosecuted in the courts of competent jurisdiction *of the State of New York* located in New York County. . .

[Dkt. 11, p.14.] Defendant disagrees arguing that the District Court for the Southern District of New York or the State Supreme Court were contemplated in the definition of "a court of competent jurisdiction of the State of New York." [Dkt. 38-1, p. 5.] The Court is unconvinced. Especially considering that under *American Soda*, a clause referring to courts "of" a state is a reference to a sovereignty, while a clause referring to courts "in" a state (or a county) is a geographic reference. *Tyrrel v. Maskcara Industries*, 438 F.Supp.3d 1279, 1286 (D. Utah 2020) (citing *American Soda, LLP v. U.S. Filer Wastewater Grp.*, Inc., 428 F.3d 921, 926 (10th Cir. 2005)).

And although Plaintiffs request that in lieu of the Court dismissing the entire action based on an improper forum, they would agree to the S.D.N.Y. as the proper forum, the Court declines the request. If the Court were to grant Plaintiffs' acquiescence to a forum not contemplated by Section 10(f), the Court would effectively be re-writing the Agreement. The

Court is in the business of interpreting contracts, not re-writing them after one party chose to ignore the plain language of its bargain.

For these reasons, the Motion is GRANTED and this matter shall be dismissed without prejudice.

2. <u>The Forum-Selection Clause Binds Plaintiff Wyatt</u>

Wyatt argues he is not signatory to the Agreement and thus is not bound by the forum-selection clause. The Court does not agree.

District courts in the Tenth Circuit and other circuits have held that a non-signatory can be subject to a forum-selection clause if the connection between the agreement and the non-signatory is sufficiently strong – *i.e.* if the party is "closely related" to the dispute such that it becomes foreseeable that it will be bound. *Presbyterian Healthcare Servs. v. Goldman, Sachs & Co.*, 122 F.Supp.3d 1157, 1211 (D.N.M. 2015). Under this standard, courts have applied forum-selection clauses to a company's officers and directors. *Id.* (citing *Marano Enters. Of Kan. v. Z-Teca Rest., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)). Courts considering this question take a "common sense, totality of the circumstances approach that essentially inquires into whether, in the light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause. . ." *Id.* "[T]his approach places emphasis on whether it should have been reasonably foreseeable to the non-signatory that situations might arise in which the non-signatory would become involved in the relevant contract dispute." *Id.*

Here, Wyatt is Tin Giant's sole member. As such, he is "closely related" to the dispute at hand. To be sure, he signed the Agreement on behalf of Tin Giant as its sole member. He was, therefore, also aware of the forum-selection clause from its inception, making it foreseeable to him that a situation might arise where he, as Tin Giant's sole member, could

6

be bound by the forum-selection clause for claims relating to the Agreement. Based on the totality of these circumstances, Wyatt's claims asserted here are subject to the forum-selection clause.

### 3. Defamation Claim Arises Out of the Agreement

The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation. *Kelvion, Inc.*, 918 F.3d at 1092. Outside of the express contract language, courts in this circuit have also looked at whether the claims are "inextricably linked" to the contract in determining the applicability of a forum-selection clause to certain claims. *Id.* at 1293.

Section 10(f) applies to "any dispute *arising out of or relating to* this Agreement." [Dkt. 11, p. 14 (emphasis added).] This express language, however, is unhelpful because it contains both broadening and narrowing language. *See id.* (broadening language includes, "related to," while "arising from" leads to a narrower construction). The Amended Complaint proves more helpful. There, Plaintiffs allege Defendant, its Chief Executive Officer, and other Defendant employees, "communicated and published" false statements about Plaintiffs "relating to the quality of their work" and made Plaintiffs "its scapegoat" for delays on the Project. [ Dkt. 10, ¶¶24-28.] From these allegations, Plaintiffs' defamation claim involves the same operative facts as the breach of contract claim, and therefore, the defamation claim is not collateral to the contract dispute. *Kelvion Inc.*, 918 F.3d at 1293. A determination on whether Defendants defamed Plaintiffs will turn, in part, on whether Plaintiff performed under the terms of the Agreement. Plaintiffs' defamation claims are thus, inextricably linked to the breach of contract claim. The defamation claim is, therefore, within the scope of the forum-selection clause.

To the extent Plaintiffs continue to make the ill-advised argument that the pandemic allowed them to ignore their undisputed contractual obligations, both state and federal courts in New York have resumed normal business operations and are no longer under emergency orders. And their arguments regarding the need to file their complaint before the one-year statute of limitations ran on their defamation claim rings hollow; New York's governor suspended statute of limitations during the same timeframe. [*See* Dkt. 38-1, p.1.] Finally, the Court does not reach their arguments that "enforcement of the clause would be unfair or unreasonable." [Dkt. 10, ¶10.] *See Atl. Marine Constr. Co.*, 571 U.S. at 64 ("[W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting.").

For these reasons, the forum-selection clause is binding and enforceable and it requires litigation be filed in the state courts of New York. Plaintiffs have failed to show extraordinary circumstances as to why the Motion should be denied. *Atl. Marine*, 571 U.S. at 62. The Motion is GRANTED. This case is DISMISSED, without prejudice.

DATED: March 29, 2022.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

8